## National Bond & Investment Co. v. McCann. No. 1

*Irving L. Epstein*, for plaintiff.
*Thomas J. Foley*, for defendant.

LEACH, P. J., October 2, 1942.—It appears that defendant bought an automobile on lease August 14, 1941. He paid slightly more than half of the amount due before he was inducted into the armed services of the United States on March 16, 1942.

A writ of replevin issued on account of the default. Thereupon, in behalf of defendant a rule was obtained to stay proceedings under section 303 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, 50 U. S. C. §533, which provides that no court shall stay a proceeding to resume possession of a motor vehicle, unless the court shall find that 50 percent or more of the purchase price of said property has been paid.

Section 301 of the said act provides that the act on bailment leases applies only to those who prior to the

date of the approval of the act (October 17, 1940) have made a purchase under a bailment lease. Under that interpretation of the law the act does not apply to persons who entered into an automobile bailment contract after the date of said act. They well knew the risk that they were taking and cannot escape payment on an automobile. The act has been so construed by the Court of Common Pleas of Luzerne County in three cases: C. I. T. Corp. v. Littzi, March term, 1942, no. 261; Commercial Credit Corp. v. Shimley, October term, 1942, no. 48; Associates Discount Corp. v. Williams, October term, 1942, no. 387.

We adopt the construction of the act made by the court of Luzerne County.

Now, October 2, 1942, the rule to stay proceedings is discharged.

NOTE.—See National Bond & Investment Co. v. McCann (No. 2) —— D. & C. ——.